UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | NO. 15-CR-00115-01-PB |
| ) | |
| RYAN VALLEE ) | |

# DEFENDANT'S RESPONSE TO GOVERNMENT'S CONSOLIDATED (1) OBJECTIOIN TO DEFENDANT'S SENTNCING MEMORANDUM and (2) SENTENCING MEMORANDUM

The defendant offers this limited response to the government's sentencing memorandum specifically to address that portion of the government's argument which suggests that the requested sentence of 96 months is necessary in order to avoid sentencing disparities with other cases with similarly situated defendants. This response is necessary because the cases cited by the government very clearly do not have similarly situated defendants.

The government first cites *United States v. Watt,* 707 F. Supp. 2d 149, 156-157 (D. Mass. 2010) for the proposition that "significant sentences" be imposed in cases involving cyber-crime. The sentence imposed in that case which the court deemed significant, was 24 months.

The government next cites *United States v. Roegner,* (ND Iowa, 6:10-cr-244) stating that the defendant was sentenced to 78 months for attempting to sextort a former girlfriend by posting sexually explicit pictures of her , including photos taken while she was a minor engaged in sexual conduct with the defendant. Mr. Roegner, age 25, was not an Autistic teenager. The 78 month sentence, however, was not for interstate threats in violation of 18 U.S.C.§ 875(d), it was for Transporting Child Pornography in violation of 18 U.S.C.§ 2252A(a)(1) and (b)(1), and thus

1

the guideline calculation was made pursuant to U.S.S.G. § 2G2.2. The sentence on the interstate threats count was only 24 months, concurrent.

The government next cites *United States v Chaney,* (C.D. Cal. 2012, 2:11-cr-00958) where the defendant was sentenced to 120 months. Mr. Chaney, once again, was not an Autistic teenager. He was a 35 year old man with a prior federal criminal conviction for fraud. There was a financial loss of between $120,000 and $200,000. There were over 50 victims. Chaney's criminal history included prior uncharged conduct virtually identical to his crime of conviction. Some of that conduct lasted for 11 years. He also caused some of the nude images of victims to be posted on gossip websites on the internet, and shared them with other hackers. Chaney continued his conduct even after the FBI had caught him and taken his computers.

The government next cites *United States v. Rubens,* (ND Fla. 2015, 4:15-cr-00033) as a similarly situated individual who received an above the guideline sentence of 120 months. Mr. Rubens was not an Autistic teenager, he was a 31 year old man with a degree from Syracuse University and a Masters degree in business from Florida State University. He actually posted some of the nude photos to pornography websites, with a search of the victim's name resulting in multiple links to pornographic sites.

The government next cites *United States v. Kazaryan* (C. D. Cal. 2013, 2:13-cr-56), where the 27 year old defendant received a sentence of 60 months. This is the first case cited by the government which is somewhat on point with the instant case. Kazarvan, however, was not an Autistic teenager. He was his 24 and 25 years old when he committed the offenses. He had a prior arrest for rape of an unconscious person, oral copulation of an unconscious person, sexual penetration by a foreign object, rape by use of drugs, and oral copulation by anesthesia or controlled substance. Kazarvan was identified by a victim of rape as the perpetrator. She stated that defendant offered her a drink at a bar, and that after that she could not remember exactly what happened. She

reported that she next remembered defendant raping her in the back seat of a car. Her friends reported that she was near unconscious in the car when they discovered her. Defendant acknowledged in a recorded inmate call that he had sexual contact with the victim, but alleged it was Consensual.  Kazarvan was also a daily user of marijuana and had a pending drug case at the time of his sentencing in Federal Court. The government used this conduct to argue that his criminal history calculation did not adequately reflect his contact with and disregard of law enforcement. None of those circumstances are present in the instant case. Any fair comparison between Kazarvan and the defendant would suggest that there a far more mitigating circumstances in this case, and that therefore the requested sentence of 48 months, which is only 12 months less that Kazarvan's sentence, is appropriate.

The government next cites *United States v. Mijangos* (C.D. Cal. 2011, 2:10-cr-743), where the defendant was sentenced to 72 months. Once again, Mijangos was not an Autistic teenager, but rather a 32 year old adult illegal alien who victimized hundreds of people, including dozens who were minors. Among other things he hacked and infected the victim's computers giving him complete access to and control of their computers. His conduct not only involved sextortation, he would steal financial information and send it to Mexico. He would review the victim's emails, and watch them through their webcams, sometimes capturing naked images and images of victims engaged in sexual conduct without their knowledge. He was able to do this because he had special training in computer programming which enabled him to use and alter malware to avoid anti-virus protection. Indeed he amassed a collection of child pornography through his hacking. In one instance a victim had called the police to her apartment to report what was going on. Mijangos witnessed the whole conversation with the police through her roommates computer, which he had hacked. He then threatened her for having gone to the police. Finally he admitted to working with individuals outside of the United States in complicated financial hacks that would earn him around $3,000 per day.

Finally, the government cites *United States v. Villegas*, (D. NH 2013, 1:13-cr-00075-JL), where the defendant was sentenced to 33 months for obtaining sexually explicit photographs of an adult female and trying to extort more nude photographs. The government neglects to mention that Villegas obtained the photographs by committing the state crime of Burglary, and that the Court was aware that he was going to plead guilty and be sentenced on that charge shortly after his federal sentencing.

The defendant realizes that arguments based upon sentences imposed in other cases in other courts is of limited value. Nonetheless, the defendant must respond to the government's misleading "sentencing disparity" argument based upon representations that the cases cited by the government are cases with similarly situated defendants.  They very clearly are not. Moreover, the great majority of all of the details concerning the defendants in the above referenced cases comes from the government's own pleadings in those cases.

Respectfully submitted,<br>
Ryan Vallee<br>
By His Attorney,

Date:   February 1, 2017         /s/ Jonathan R. Saxe
                                 Jonathan R.Saxe
                                 N.H. Bar No. 8226
                                 Assistant Federal Defender
                                 Federal Defender Office
                                 22 Bridge Street
                                 Concord, NH 03301
                                 Tel. (603) 226-7360
                                 E-mail: jonathan_saxe@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served to all counsel of record on February 1, 2017and in the manner specified herein: by ECF.

/s/ Jonathan R. Saxe
Jonathan R. Saxe
N.H. Bar No. 8226
Assistant Federal Defender
Federal Defender Office
22 Bridge Street
Concord, NH 03301
Tel. (603) 226-7360
E-mail: jonathan_saxe@fd.org